## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MIGUEL BARNES** | * | **CIVIL ACTION NO.** |
| | * | |
| **VERSUS** | * | **SECTION " "** |
| | * | |
| **RIVER BIRCH, INC.** | * | **MAGISTRATE ( )** |
| * * * * * * * * * * * * * * * * * * * * ** | | |

### COMPLAINT AND JURY DEMAND

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Miguel Barnes ("Mr. Barnes"), with this Complaint against River Birch, Inc., ("River Birch"), stating that the following causes of action are based upon the defendant's violations of Federal Law, via 42 U.S.C. § 1981; as follows:

### I. PARTIES

1.

Plaintiff, Mr. Barnes, is a person of the full age of majority and a resident of Marrero, Louisiana.

2.

Defendant, River Birch, is, upon information and belief, a foreign corporation authorized to do and doing business within the confines of the Eastern District of Louisiana.

## II. JURISDICTION AND VENUE

3.

Mr. Barnes asserts that jurisdiction is proper in this Honorable Court pursuant to federal question jurisdiction.

4.

Venue is proper in this district under 28 U.S.C. § 1391 (a) and 42 U.S.C. § 2000(e)-5(f) as the Eastern District of Louisiana is the judicial district in the State in which the unlawful employment practice took place and/or is the district in which Mr. Barnes would have worked but for the unlawful employment practice.

## III. FACTS AND ALLEGATIONS

5.

Mr. Barnes began his employment with River Birch on March 10, 2008 as a Geoprobe Technician.

6.

By the end of his employment on October 28, 2009, Mr. Barnes had worked as a Geoprobe Technician, a Laborer, a Flair Technician and a Deep Well Operator.

7.

Plaintiff's immediate supervisor was Arthur Ganous, ("Mr. Ganous").

8.

In mid-summer, 2008, a new employee began making fun of African-American workers by taunting them by dressing like a "ghetto guy."

9.

At that time, Plaintiff complained to supervisors, including Chad, a supervisor who had seen the derogatory actions of the new employee as referenced above.

10.

At that time, Chad tried to talk Mr. Barnes out of a complaint concerning harassment or race discrimination with statements such as "Let it slide."

11.

In September of 2009, one of the contractors on site, Mark Tailor, ("Mr. Tailor") was operating as an Engineering Consultant at the Deep Well Facility.

12.

At that time, Mr. Tailor called Plaintiff a "hedonistic monkey."

13.

Mr. Barnes complained to Mr. Ganous at the time.

14.

Mr. Ganous' only response was that although it was wrong, Mr. Barnes should "Let is slide" or "Let it go under the rug."

15.

At that time, he also communicated that at the Deep Well Facility, "KKK" was written on the trash bin.

16.

Shortly after these complaints, on October 28, 2009, Plaintiff was terminated with

the excuse that DEQ had changed the permit and allegedly according to the new permit, it was required that Plaintiff be terminated.

17.

Upon information and belief, Plaintiff believes that the DEQ permit did not require his termination and that any excuse given by River Birch was a pretext for prohibited race discrimination due to his complaints concerning racial discrimination and racial harassment as referenced herein.

18.

Plaintiff alleges that the statements made to him by Mr. Ganous that he was to let racially discriminatory statements "slide" or "go under the rug" indicate a discriminatory attitude by Mr. Ganous against Mr. Barnes as an African-American.

19.

Upon information and belief, River Birch, Inc. utilizes a progressive discipline policy which includes: (1) verbal warnings to identify problems; (2) written warnings, including a formal meeting with the employee, to establish clear performance expectations to correct any problems; (3) an opportunity for the employee to present his or his case; and (4) termination, if the problems remain unresolved after the above steps.

20.

Plaintiff alleges that he was never disciplined or counseled in any manner (verbal or written) for any type of deficient performance or misconduct during his career.

21.

At all material times, River Birch is liable for the conduct of its employees, agents, and/or supervisors described herein under the *Doctrine of Respondiat Superior*.

## COUNT I

22.

Defendant's conduct as described herein is in violation of 42 USC §1981, which prohibits race discrimination and retaliation in employment due to complaints about prohibited discrimination including complaints about race discrimination as referenced herein, and as such, defendant is liable unto plaintiff for:

A. Back-pay (including benefits);

B. Front-pay (including benefits as reinstatement is impractical);

C. Mental anguish and depression;

D. Humiliation/embarrassment;

E. Loss of enjoyment of life;

F. Medical expenses;

G. Prejudgment interest;

H. Uncapped Punitive damages;

I. Attorney's fees;

J. Costs of these proceedings; and

K. Any injunctive relief enjoining defendants from interfering with plaintiff's efforts to obtain future employment and enjoining and permanently

restraining these violations of federal law.

23.

Plaintiff specifically pleads his right to recover punitive damages as River Birch's retaliatory actions were carried out with reprehensible malice and willful disregard of plaintiff's federally protected rights.

24.

Plaintiff reserves his right to supplement and amend this Complaint upon the discovery of additional facts.

**JURY DEMAND**

25.

Plaintiff demands trial by jury.

WHEREFORE, Miguel Barnes, prays that defendant, River Birch, Inc., be duly cited to appear and answer this Complaint and Jury Demand and, after due proceedings and legal delays, there be judgment herein in favor of your plaintiff, and against defendant, as detailed in the foregoing Complaint and Jury Demand and in an amount reasonable in the premises, together with legal interest from the date of judicial demand, all costs of these proceedings, reasonable attorney's fees, punitive damages and any and all general and equitable relief deemed appropriate by this Honorable Court under the circumstances.

Respectfully submitted,

**JAMES L ARRUEBARRENA, LLC**

_____
James L. Arruebarrena (#22235)
1010 Common Street, Suite 3000
New Orleans, Louisiana 70112
Telephone (504) 525-2520
Facsimile (504) 581-7083

Attorney for Miguel Barnes

**SERVICE VIA SUMMONS**

**River Birch, Inc.**
through its registered agent for service of process
**Frederick R. Heebe**
**2000 Belle Chasse Hwy, 3rd Floor**
**Gretna, LA 70056**